UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VINCENT EZEIRUAKU,

        Plaintiff,

  v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY and ADAM
THOMASON,

        Defendants.

1:20-cv-00177-NLH-KMW

OPINION

**APPEARANCES**:

VINCENT EZEIRUAKU
900 MONET COURT
WILLIAMSTOWN, NEW JERSEY 08094

    *Plaintiff appearing* pro se

HUGH A. KEFFER
FIDELITY NATIONAL LAW GROUP
105 EISENHOWER PARKWAY, SUITE 103
ROSELAND, NEW JERSEY 07068

    *On behalf of Defendants Fidelity National Title Insurance Company and Adam Thomason*

**HILLMAN**, District Judge

    This defamation matter concerns a dispute between an individual and a title insurance company over whether a property was encumbered by a mortgage at the time it was sold. Plaintiff Vincent Ezeiruaku, appearing *pro se*, filed a one-count claim for defamation *per se*, alleging that Defendants Fidelity National Title Insurance Company and Adam Thomason defamed him in a

letter requesting he indemnify the company against any losses or expenses associated with the mortgage. Presently before the Court is Defendants' motion for dismissal of Plaintiff's claim, (Docket No. 7), which Plaintiff has opposed.  (Docket No. 8). For the reasons expressed below, Defendants' motion will be granted and the claim will be dismissed with prejudice.

## Background

Plaintiff alleges that in 2012 he sold property and conveyed the deed to third-party purchasers "free of any outstanding liens or encumbrances." (Docket No. 4 at ¶ 8). Nevertheless, on July 22, 2019, Plaintiff received a letter from Thomason, a Fidelity employee, regarding a potential encumbrance on the property. *Id*. at ¶¶ 9, 11.  Plaintiff alleges that the letter accuses him of having committed a crime by fraudulently and knowingly conveying an encumbered property while stating that it was free of encumbrances.  *Id*. at ¶¶ 9, 11, 14-20. According to Plaintiff, this letter was made available not only to other employees of Fidelity who had access to the claim file for the property's title insurance, but also to the purchasers of the property and a third-party bank. *Id*. at ¶¶ 12, 17.

## Discussion

**A. Subject-Matter Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship

2

between the parties and the amount in controversy exceeds $75,000.

**B. Legal Standards Governing Motions to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

3

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

When considering a motion to dismiss, the Court may not consider "matters extraneous to the pleadings." Crisdon v. City of Camden, No. 11-cv-02087, 2012 WL 685874, at *2 (D.N.J. Mar. 2, 2012) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)); Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one

4

for summary judgment.'" In re Burlington Coat Factory, 114 F.3d at 1426 (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)). Such documents include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Crisdon, 2012 WL 685874, at *2 (quoting Buck v. Hampton Twp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006)).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(d).

Defendants' motion relies predominantly on four documents attached to the motion papers but not to the Complaint: a 1990 deed showing that the property in question had been conveyed to Plaintiff, a 2012 deed showing that Plaintiff had conveyed the property to third-party purchasers, a 2005 "Mortgage and Assignment of Rents" naming Plaintiff as the mortgagor and bearing his signature, and the allegedly defamatory letter sent by Defendant Thomason to Plaintiff on July 22, 2019.  (Docket No. 7-2, Exs. 2, 3, 6, and 7).  Although he does not dispute the authenticity of any of these documents, Plaintiff argues that, by presenting to the Court documents not attached to the

5

Complaint, Defendants have turned the motion to dismiss into one for summary judgment. (Docket No. 8 at 3-4).

Here, the Court easily finds that it can consider the July 22, 2019 letter, as it is explicitly referenced in the Complaint and is the document that contains the allegedly defamatory statements at the heart of the Complaint.  (Docket No. 4 at ¶¶ 9-12).  The Court also finds that it may consider the other documents described above.  The 2005 Mortgage and Assignment of Rents and the 2012 deed are also explicitly referenced in both the Complaint and the allegedly defamatory letter, (Docket No. 4 at ¶ 9; Docket No. 7-2, Ex. 7), and are integral to Plaintiff's claim that it was defamatory for Defendants to state that he had granted a mortgage that was outstanding at the time of the 2012 conveyance.  Plaintiff cannot "survive the present Motion to Dismiss simply by failing to attach these documents to his Complaint."  Inacio v. State Farm Fire and Cas. Co., 2015 WL 457049, at *1 (D.N.J. 2015).  Even were they not, however, the mortgage, as well as both the 1990 and 2012 deeds, can be considered by the Court as they are "matters of public record" under New Jersey law.  Maturo v. Bank of America, N.A., Case No. 16-350 (CCC), 2017 WL 773878, at *1 n.1 (D.N.J. Feb. 27, 2017); N.J.S.A. 46:26A-2.[1]

---

1 In their initial declaration in support of the motion to dismiss, and again in a certification accompanying their reply

The Court now looks to Defendants' arguments in their moving papers considering these documents.

**C. Analysis**

Plaintiff alleges that the Defendants defamed him by "falsely accusing [him] of having conveyed a property that was encumbered while knowingly and intentionally stating that it was not encumbered." (Docket No. 4 at ¶ 16).  To plead a *prima facie* case of defamation, "a plaintiff must establish (1) the assertion of a false and defamatory statement concerning the plaintiff, (2) the unprivileged publication of that statement to a third party, (3) fault amounting to at least negligence by the publisher, and (4) damages."  Robles v. U.S. Envt. Universal Serv., Inc.*,* 469 Fed. Appx. 104, 109 (3d Cir. 2012) (citing DeAngelis v. Hill, 847 A.2d 1261, 1267–68 (N.J. 2004)); Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1113 (N.J. 2009).

Defendants respond by arguing that the Amended Complaint fails to sufficiently plead a claim for defamation and must be dismissed for three reasons: (1) the allegedly false statements were in fact true; (2) the statements were not defamatory and do

---

brief, Defendants attach a series of other documents.  (Docket No. 7-2; Docket Nos. 10-1, 10-2, 10-3, 10-4, and 10-5).  As the Court's ability to consider a number of these documents at the motion to dismiss stage is questionable, and these additional documents are not necessary to assess Defendants' arguments for dismissal and rule on this motion, the Court declines to consider them.

7

not constitute defamation *per se*, even if they were false; and (3) the Complaint fails to adequately allege publication of the statements.  The Court agrees with all three of Defendants' arguments.

The primary element of a defamation claim is that the offending statements are false. "[T]he truth of the statement is a complete defense to a defamation action." Read v. Profeta, 397 F.Supp.3d 597, 651 (D.N.J. 2019) (quoting McLaughlin v. Rosanio, Bailets & Talamo, Inc., 751 A.2d 1066, 1071 (N.J. Super. Ct. App. Div. 2000)); G.D. v. Kenny, 15 A.3d 300, 310 (N.J. 2011).

Both the public record and Plaintiff's own filings demonstrate that each of the statements regarding Plaintiff in the letter were true.  The July 22, 2019 letter is brief, and the only statements it makes regarding Plaintiff or his actions were that he had granted a mortgage on the property while he owned it, that he conveyed the property in 2012 with a covenant against grantor's acts, and that the mortgage was still outstanding on both the date of the conveyance and the date of the letter.  (Docket No. 7-2, Ex. 7). Based on these statements, the letter presents Defendants' position that Plaintiff is responsible for the outstanding amount of the mortgage and should indemnify Fidelity against any associated losses or expenses.  *Id.*

8

As alleged by the Complaint and confirmed by the publicly recorded deeds, Plaintiff owned the property in question from 1990 until selling it in 2012. (Docket No. 4 at ¶¶ 6 and 8; Docket No. 7-2, Exs. 2 and 3). Further, the 2012 deed conveyed by Plaintiff to the purchasers of the property does include a "covenant as to grantor's acts" regarding any outstanding mortgages granted by Plaintiff. (Docket No. 7-2, Ex. 3).

Finally, the 2005 Mortgage and Assignment of Rents explicitly describes a mortgage "made February 2, 2005, by and between, Vincent O Ezeiruaku . . . and Wachovia Bank," and is signed by Plaintiff himself. (Docket No. 7-2, Ex. 6). Plaintiff does not dispute the authenticity of this document, and in fact states in his brief in opposition to the motion that a company "has been diligently paying on this loan since February 2, 2015 up until January of 2020" — not only acknowledging the existence of the mortgage, but also making clear that Plaintiff knows that the mortgage was still outstanding almost 8 years after the 2012 conveyance.[2] Because the statements made in the July 22, 2019 letter are all

---

[2] In his opposition brief, Plaintiff makes a series of arguments based on the claim that "the loan in question was taken . . . under a corporation named SABA PRODUCTS USA," which "Plaintiff is not an alter ego of." (Docket No. 8 at 4-6). The Court need not address these arguments except to note that the Mortgage and Assignment of Rents lists Plaintiff as the mortgagor and bears his signature. (Docket No. 7-2, Ex. 6).

9

demonstrably true and even admitted to by Plaintiff, Plaintiff's defamation claim fails.

Although the Court's finding that the allegedly defamatory statements were true is dispositive, the Court further finds that Plaintiff's Complaint fails to state two other elements of a viable defamation claim.

First, a viable defamation claim must also show that the statements in question were defamatory in nature. "Whether words can reasonably be construed as defamatory is a question of law for the Court in the first instance." Reed v. Scheffler, 218 F.Supp.3d 275, 282 (D.N.J. 2016) (citing Ward v. Zelikovsky, 643 A.2d 972, 978 (N.J. 1994)).

New Jersey law defines a defamatory statement as "one that subjects an individual to contempt or ridicule," and "harms [the] person's reputation by lowering the community's estimation of him or by deterring others from wanting to associate or deal with him." G.D. v. Kenny, 15 A.3d 300, 310 (N.J. 2011). A statement is considered defamatory as a matter of law if the statement "so clearly denigrate[s] a person's reputation that a court could decide that the statements are defamatory without submitting the issue to the jury." Biondi v. Nassimos, 692 A.2d 103, 105 (N.J. Super. Ct. App. Div. 1997). In particular, "[a] statement falsely attributing criminality to an individual is

10

defamatory as a matter of law." G.D., 205 N.J. at 293 (citing Romaine v. Kallinger, 109 N.J. 282, 291 (1988)).

Plaintiff's main allegation is that the statements made in the July 22, 2019 letter were of this last type, and qualify as defamation *per se*. According to the Complaint, the letter "insinuate[d] that Plaintiff had committed an offense against the laws of New Jersey and of the United States," and its statements regarding Plaintiff were "false accusation[s] [that] could lead to an offense punishable under the law." (Docket No. 4 at ¶¶ 11, 18). A close review of the letter itself, however, reveals that Defendants made no such accusation. The letter states only that there was an outstanding mortgage on the property granted by Plaintiff at the time the deed was conveyed, and that since Plaintiff had conveyed the deed with a covenant against grantor's actions, Defendants believed that Plaintiff should indemnify them against any related losses or expenses. (Docket No. 7-2, Ex. 2). At no point does the letter state or imply that Plaintiff had committed a crime.

While Plaintiff only styles his claim as one for defamation *per se*, the Complaint also alleges that Defendants' statements "clearly defamed Plaintiff's character and paints plaintiff as a bad person in the eyes of the public, a negative stigma to carry," because they falsely accused him of having "fraudulently" conveyed an encumbered property "while knowingly

11

and intentionally stating that it was not encumbered." (Docket No. 4 at ¶ 15). However, contrary to the allegations in the Complaint, the letter does not accuse Plaintiff of having acted fraudulently or of having conveyed an encumbered property knowingly or intentionally — in fact, the letter makes no statements or accusations whatsoever regarding Plaintiff's knowledge, intent, or character. Instead, acting consistently with Fidelity's business as a title insurance company, the letter simply informed Plaintiff of Defendants' view regarding which party was responsible for the outstanding amount of the mortgage, and provided him the opportunity to explain why he disagreed. The Court finds that these statements could not reasonably be construed as accusing Plaintiff of criminal conduct or as being defamatory in nature.

Finally, the Complaint also fails to sufficiently plead publication or communication of the statements. "To satisfy the communication element of a defamation claim a plaintiff must plead facts that enable the defendant to identify the defamer and the circumstances of the publication." JNL Mgmt., LLC v. Hackensack University Medical Center, Case No. 18-5221 (ES)(SCM), 2019 WL 1951123, at *6 (D.N.J. May 2, 2019) (citing Printing Mart-Morristown v. Sharp Elec. Corp., 563 A.2d 31, 46 (N.J. 1989)). These facts must be sufficient to demonstrate "when, where, by which defendants and by what words, written or

12

oral, plaintiff was defamed." <u>Cruz v. HSBC</u>, Case No. 10-135 (JBS/JS), 2010 WL 2989987, at *3 (D.N.J. July 26, 2010) (quoting <u>Zoneraich v. Overlook Hosp.</u>, 514 A.2d 53, 62 (N.J. Super. Ct. App. Div. 1991)).

The Complaint attempts to allege publication of the allegedly defamatory statements in two ways: that the letter was filed under a claim number for the property and therefore "readily accessible to hundreds of workers of Fidelity Title Insurance Company," and that it was "made available to multiple third parties . . . not limited to . . . the current owners of the property[] and the banking Institution that owns the alleged liens."  (Docket No. 4 at ¶ 12).  The first allegation is nothing more than vague speculation that Fidelity employees might be able to access the letter, and does not actually allege that the statements were communicated to any Fidelity employees.[3]

While the second allegation does specify the parties that the statements were allegedly communicated to, it provides no further information.  The Complaint does not allege when or how

---

[3] In his brief in opposition to the motion, Plaintiff claims for the first time that he "made a call" to Fidelity "and all he did was state his name and a secretary in that office pulled up the letter," arguing that this demonstrates publication of the statements.  However, this allegation has no effect on the sufficiency of his Complaint for the purposes of this motion, as a plaintiff may not amend his complaint through arguments in a brief.  <u>Hall v. Revolt Media & TV, LLC</u>, No. 17-2217 (JMV) (MF), 2018 WL 3201795, at *3 (D.N.J. 2018) (citing <u>Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc.</u>, 836 F.2d 173, 181 (3d Cir. 1988)).

the statements were communicated to either the owners of the property or the bank, and does not make clear whether Plaintiff is alleging that these parties simply had the ability to access the letter by requesting it from Fidelity, or that the Defendants separately sent copies of the letter to the owners and bank.  Without further detail regarding "the circumstances of the publication," these allegations are insufficient to plead the publication element. JNL Mgmt., LLC, 2019 WL 1951123, at *6. For this reason as well, Plaintiff has failed to state a claim for defamation and his claim must be dismissed.

## Conclusion

Defendants request that the Court dismiss Plaintiff's defamation claim with prejudice. (Docket No. 7 at 15).  As the Court finds that Defendants' statements were true, Plaintiff's claims are not capable of being cured and further amendments would be futile.  Accordingly, for the reasons expressed above, the Court will dismiss Plaintiff's claim with prejudice.

An appropriate Order will be entered.

Date: September 18, 2020             s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.